# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ALBERT LINTON | : | |
| Plaintiff | : | |
| v | : | Civil Action No. RDB-06-2319 |
| BALTIMORE POLICE DEPARTMENT, HORACE N. McGRIFF, DIRECTOR OF FINANCE, and STATE OF MARYLAND | : : : | |
| Defendants | | |

o0o

## MEMORANDUM OPINION

The above captioned civil rights Complaint, filed September 6, 2006, alleges that Defendants seized Plaintiff's car and $1,837 in cash during his September 6, 2003, arrest. Paper No. 1. Plaintiff has also filed a Motion to Proceed In Forma Pauperis. Paper No. 2. Because he appears to be indigent, his motion shall be granted.

Plaintiff asserts that the drug charges for which he was arrested were placed on the stet docket in the Circuit Court for Baltimore City on May 3, 2004. Paper No. 1. He claim his currency and vehicle were seized and forfeited under an unconstitutional statute, and he was never provided notice, a hearing, or an opportunity to challenge the forfeiture of his property. *Id*. Under Md. Code Ann., Crim. Proc. §12-304(c):

> A proceeding about money shall be filed within 90 days after the final disposition of criminal proceedings that arise out of the Controlled Dangerous Substances law.  If the State or a political subdivision does not file proceedings about money within the 90-day period, the money seized under this title shall be returned to the owner on request by the owner.

In the event the owner fails to request the return of his or her money within one year of the final disposition of the criminal case, "the money shall revert to: (i) The political subdivision in

which the money was seized; or (ii) The State, if the money was seized by State authorities." *Id*. In this case Plaintiff does not state whether he ever made an attempt to request the return of his money within the required period of time and, if he did, whether he pursued his appellate remedies in the State courts. In addition, there is no indication regarding plaintiff's attempts, if any, to retrieve his property through established State court remedies. It therefore cannot be discerned whether Plaintiff has exhausted State remedies.

Accordingly, Plaintiff will be required to supplement the Complaint with information regarding all efforts to exhaust State remedies. Plaintiff is forewarned that failure to supplement the Complaint will result in dismissal of this case without further notice and without prejudice. A separate Order follows.

September 12, 2006                              /s/
Date                                                    RICHARD D. BENNETT
                                                        UNITED STATES DISTRICT JUDGE